IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DEANDRE TREMAINE THOMPSON,** :
:
    Petitioner : **CIVIL NO. 1:14-CV-01752**
:
  v. : **(Judge Rambo)**
:
**DANIEL S. KEEN,** :
:
    Respondent :

# M E M O R A N D U M

DeAndre Tremaine Thompson ("Thompson"), an inmate presently confined at the Franklin County Jail in Chambersburg, Pennsylvania, filed this petition for writ of habeas corpus challenging the constitutionality of his detention. (Doc. 1.) For the reasons set forth below, this court will dismiss the petition without prejudice because it concerns an ongoing criminal prosecution in a state court.

**I.   Background**

On April 16, 2012, the Court of Common Pleas of Franklin County, Pennsylvania ("trial court") issued an order to have Thompson detained at the Franklin County Jail on charges of rape and related offenses. (*Id.* at 29; *Commonwealth v. Thompson*, CP-28-CR-0002326-2012 ("trial docket"), *available at* https://ujsportal.pacourts.us/DocketSheets.aspx.) At that time, Thompson was already

incarcerated at the State Correctional Institution – Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania, for several previous drug-related offenses, and so was not formally arrested on the new charges. (Doc. 1 at 11-12, 29.) A warrant for Thompson's arrest had previously been issued on March 13, 2012, but was cancelled, apparently because the authorities discovered he was already incarcerated. (*Id.* at 13, 20.) After several pre-trial hearings on evidentiary issues and the appointment of defense counsel, a criminal information was filed against Thompson on January 22, 2013, and Thompson made a formal appearance on January 23, 2013. (Trial docket at 8.) After his appearance, Thompson made numerous applications for continuances, which were all granted. (*Id.* at 8-19.)

During much of this time, Thompson was transported between SCI Huntingdon and the Franklin County Jail for his court appearances, except for a four-month period when defense counsel requested that Thompson remain housed at the Franklin County Jail while expecting trial. (*Id.* at 19-20.) When the trial was postponed on July 3, 2014, until the trial court's September term, Thompson was ordered to be transported back to SCI Huntingdon. (*Id.* at 21.) On July 21, 2014, Thompson filed a petition for writ of habeas corpus with the trial court, raising claims regarding the legality of his detainment and the absence of any proof of service of summons. (Doc. 1 at 2; trial

docket at 21.) On July 22, 2014, the trial court ordered the Commonwealth to answer the petition. (Trial docket at 22.) On August 11, 2014, after the Commonwealth filed an answer, the trial court dismissed Thompson's petition. ( *Id.*) A pre-trial conference was held on September 17, 2014, and the trial court scheduled jury selection to begin on October 13, 2014. (*Id.* at 24.)

Thompson filed the instant petition with this court on September 8, 2014, raising the following grounds for relief: 1) that he has been illegally seized in violation of the Fourth Amendment; 2) that there was no issuance of an arrest warrant for his current detention; 3) that no summons was issued for his pending criminal trial; and 4) that he was never formally arrested for his pending criminal trial. (Doc. 1 at 6-8.) Because each of these grounds concerns aspects of an ongoing state criminal prosecution, this court must determine whether the *Younger* abstention doctrine requires that the petition be dismissed.

## II.  Discussion

### A.  Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4 of the

Rules Governing Section 2254 Cases. When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id; see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Such summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

### B.     *Younger* **Abstention**

In *Younger v. Harris,* the Supreme Court held that the "possible unconstitutionality" of a state criminal statute did not justify federal intervention into the state's good-faith enforcement of that statute. *Younger v. Harris*, 401 U.S. 37, 54 (1971). A series of Supreme Court opinions following *Younger* have since "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar. Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention," as this doctrine has come to be known, "is premised on the notion of

comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty. , Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Younger*, 401 U.S. at 44).

Recently, the Supreme Court clarified that *Younger* abstention only applies to federal court intervention in three types of state proceedings: 1) criminal prosecutions, 2) "civil enforcement proceedings," and 3) "civil proceedings involving certain orders" that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. ___, ___, 134 S. Ct. 584, 91 (2013). As *Younger* itself concerned federal interference with a state criminal prosecution, the applicability of the doctrine is clearest when federal courts are asked to interfere with such proceedings. *See id.* at 591-92 (explaining that the applicability of the doctrine to civil enforcement cases should be determined by their similarity to criminal prosecutions). Indeed, "[i]n no area of law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans*, 959 F.2d at 1234. Because Thompson asks this court to review the validity of aspects of an ongoing state criminal prosecution, and because his requested relief (his "immediate release from custody" (Doc. 1 at 8))

would interfere with said prosecution, this court finds that the *Younger* abstention doctrine applies to this case, and the petition must therefore be dismissed.[1]

### III. Conclusion

Under the present circumstances, the court concludes that it must abstain from considering the instant petition for writ of habeas corpus. Accordingly, the petition will be dismissed without prejudice.

The court must now determine whether a certificate of appealability should issue. A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the court denies a certificate of

---

[1] None of the exceptions to the *Younger* abstention doctrine are present in this case. The only circumstances where federal district courts may intervene when *Younger* abstention would otherwise apply are where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or any other unusual circumstance that would call for equitable relief," *id.* at 54. Thompson has failed to show that his petition falls within any of the exceptions to the *Younger* doctrine, and a review of the record clearly indicates that none of the exceptions are applicable.

appealability because reasonable jurists would not find it debatable that Thompson's petition must be dismissed under the doctrine of *Younger* abstention.

An appropriate order will issue.

                                                          s/Sylvia H. Rambo
                                                        United States District Judge

Dated: October 2, 2014.